UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMIE HUBBARD #537365** | **CASE NO. 6:18-CV-00976 SEC P** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **N BURL CAIN** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Petitioner Jamie Hubbard ("Hubbard") filed the instant petition for federal habeas corpus relief on July 26, 2018. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, where he is serving a life sentence imposed by the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana, following his 2008 conviction for aggravated rape.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## LAW AND ANALYSIS

By this proceeding, Hubbard attacks his 2008 conviction for aggravated rape and the subsequent life sentence imposed by the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana. He raises the following claims: (1) the trial

court erred inn allowing the victim and her mother to be exempted from the rule of sequestration; (2) insufficiency of the evidence; (3) improper responsive verdicts; (4) ineffective assistance of counsel; and (5) conflict of interest at the post-conviction evidentiary hearing. [Rec. Doc. 1-2, pp. 7-8]

This court's records demonstrate that Hubbard has filed a previous federal petition for writ of habeas corpus in which he attacked this same conviction and sentence. *Jamie Hubbard v. Louisiana State Penitentiary*, No. 6:13-cv-0802 (W.D. La. 2013). Hubbard raised the same claims for relief raised herein. That petition was denied and dismissed with prejudice on January 21, 2014. *See Jamie Hubbard v. Louisiana State Penitentiary*, No. 6:13-cv-0802 at Rec. Doc. 24.

Hubbard filed the instant petition for federal habeas corpus relief on July 26, 2018. In this petition, Hubbard again seeks to attack the same conviction and sentence.

This is Hubbard's second attempt to collaterally attack, in this federal Court, his Louisiana state court conviction for aggravated rape and the subsequent life sentence imposed by the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana, which conviction and sentence were the subject of his previous federal petition. The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive." The claims raised herein were raised in the previous petition.

Before a second or successive petition may be considered by this Court, Hubbard must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A). The record does not show that he has received such authorization. Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Therefore, the undersigned finds that this petition should be dismissed. Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time**

**frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 17th day of September, 2018.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE